UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PAUL J. ARBOGAST                      CIVIL ACTION NO. 05-2076

versus                                          JUDGE HICKS

TIMEX CORP., ET AL                  MAGISTRATE JUDGE HORNSBY

### REPORT AND RECOMMENDATION

Paul Arbogast ("Plaintiff") purchased a Timex watch from the Army & Air Force Exchange Service ("AAFES") located at Barksdale Air Force Base. According to Plaintiff's submissions, he began to experience a serious skin reaction in the area where the watch contacted his wrist. Two physicians, one of them a dermatologist, told Plaintiff that the skin problems were caused by the watch. The dermatologist diagnosed the condition as a severe form of contact dermatitis that was chemically produced by materials in the watchband. Treatment cleared the problems for a few days, but Plaintiff states that the problems returned and became even worse.

Plaintiff filed suit in state court against Timex Corp. Timex removed the case based on an assertion of diversity jurisdiction. Plaintiff later decided to assert a claim against AAFES, the retail seller of the watch. He first filed a separate civil action, <u>Arbogast v. Army & Air Force Exchange Service</u>, 06-cv-1302. The caption of the complaint bore the words "Federal Tort Claim." A conference was held to discuss the two pending cases. Plaintiff agreed to dismiss his suit against AAFES without prejudice so that he could proceed against the proper party defendant in a claim under the Federal Tort Claims Act ("FTCA"), the

United States. Plaintiff reported that he would name the United States as a defendant in an amended complaint to be filed in this civil action. See Doc. 23. Plaintiff did later dismiss the action against AAFES, and he did file an amended complaint (Doc. 33) that named the United States a defendant based on the sale of the watch by AAFES. The complaint specifically invokes provisions of the FTCA as the basis for the claim.

Before the court is a Motion to Dismiss (Doc. 40) filed by the United States. It argues that the court lacks jurisdiction to hear the FTCA claims because Plaintiff did not serve the agency with an adequate administrative tort claim prior to filing suit. In the alternative, the United States argues that the purported administrative claim submitted by Plaintiff fails because it did not specify a sum certain.

The FTCA declares that "an action shall not be instituted" unless the Plaintiff has filed an administrative claim and either obtained a written denial or waited six months. 28 U.S.C. §2675(a). The basic regulations concerning how to file an administrative claim are set forth at 28 C.F.R. §14.1, et seq. The government provides a Standard Form 95 that claimants frequently use to present an administrative claim, but it is not mandatory that the claim be presented on that form. The Fifth Circuit has allowed the claim to be presented in the form of a letter, or a letter with attachments. Montoya v. U.S., 841 F.2d 102, 104 (5th Cir. 1988).

Plaintiff alleges at ¶¶ 13-16 of his Amended Complaint that an administrative claim was properly presented to AAFES. Plaintiff's pleading cites in support of that contention an affidavit that is attached to the pleading. Plaintiff's attorney's legal assistant testifies in the

affidavit that: "In accordance with C.F.R. Title 28, Part 14, on August 01, 2006, I posted by U.S. Mail, postage prepaid, a copy of claimant's administrative claim to [AAFES]." The legal assistant adds that she presented a copy of the administrative claim to the local office of the U.S. attorney by hand-delivery.

The United States submits, in response, testimony from the claims manager in the AAFES office in Dallas, which is where the administrative claim was allegedly mailed. The claims manager testifies that part of her duties include management of FTCA claims made against the AAFES. She reports that the Inspector General's Office received correspondence from Plaintiff's counsel on August 9, 2006 and forwarded the correspondence to the General Counsel Office, where the claims manager is stationed. A copy of the documents are attached to the claims manager's affidavit. The claims manager testifies that she has conducted a thorough search of the records, and she has inquired of others at the Barksdale Air Force Base Legal Office and has confirmed that there has been no other reported administrative claim filed by Plaintiff.

The documents attached to the claims manager's affidavit are simply a copy of the judicial complaint that Plaintiff filed against AAFES in 06-cv-1302 and a cover letter from counsel. The cover letter is addressed to the local U.S. Attorney and the AAFES office in Dallas. The cover letter does not suggest that the submissions are intended to be an administrative claim. Rather, it states only:

> Please find enclosed, copies of the Amended and Supplemental Petition, and Federal Tort Claim that I recently filed regarding the above-referenced matter.

>Please do not hesitate to contact my office should you have any further questions.

The Fifth Circuit has taken a fairly liberal approach to determining what may constitute an administrative claim, but this case appears to go beyond what has ever been permitted. A reasonable government official who received the quoted letter and attached judicial complaint would not easily discern the Plaintiff's intention that the submissions serve as an administrative claim under the FTCA. Rather, the correspondence appears to be a mere service or courtesy copy of a judicial complaint.

Even if the submissions were deemed to constitute an administrative claim, the submissions failed to satisfy the jurisdictional prerequisite to an FTCA suit that the claim specify a "sum certain." The Attorney General has promulgated regulations that govern the presentation of administrative claims to federal agencies. One of those regulations, 28 C.F.R. § 14.2, provides that, "A claim shall be deemed to have been presented when a Federal agency receives from a claimant ... an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a *sum certain* for injury to or loss of property, personal injury or death alleged to have occurred by reason of the incident." (emphasis added) The Fifth Circuit holds that timely presentation of a claim that includes a "sum certain" is a jurisdictional requirement, absent compliance with which the courts have no jurisdiction to entertain a suit under the FTCA. <u>Martinez v. United States</u>, 728 F.2d 694, 697 (5th Cir. 1984); <u>Wardsworth v. United States</u>, 721 F.2d 503, 505 (5th Cir. 1983).

Nothing in Plaintiff's submission to AAFES, either in the cover letter or the pleading, makes a claim for a sum certain. The pleading sets forth Plaintiff's allegations about his injuries and alleged causation. He alleges that he was forced to seek medical treatment so "suffered special damages in the form of medical expenses" and is entitled to damages "in a reasonable sum" for those medical expenses. Similarly, the pleading asserts that Plaintiff is entitled to unspecified damages as compensation for lost earnings, attorney fees and other categories of damages. At no point in the pleading does Plaintiff identify or claim a particular monetary amount.

Plaintiff has not filed any timely opposition to the United States' Motion to Dismiss. The materials of record suggest that it is unlikely that Plaintiff's submissions constituted a proper administrative claim. The court need not reach that issue, however, because it is plain that the submissions did not satisfy the requirement of a sum certain.

Accordingly;

**IT IS RECOMMENDED** that the United States' **Motion to Dismiss (Doc. 40)** be **granted** and that all claims against the United States be **dismissed without prejudice** for lack of subject matter jurisdiction.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 13th day of August, 2007.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE